## RENKIN v. HILL ET AL.

1. **Specific Performance: CONTRACT ESTABLISHED.** A claim of a parol contract for the conveyance of realty *held* to have been established by the evidence.

2. ———: **FRAUDULENT REPRESENTATION.** The grantor, having represented he held an unrecorded deed for the land at the time the contract for its conveyance was made, could not be permitted to defeat the contract by showing that the deed to him was not executed until after the contract was made.

3. ———: **EQUITABLE JURISDICTION.** The court, having properly obtained jurisdiction of the action for specific performance, might retain the jurisdiction to grant relief, which the evidence on the trial disclosed should have been sought in an action at law.

*Appeal from Grundy Circuit Court.*

TUESDAY, OCTOBER 22.

THIS is an action in equity, to enforce against the defendant Hill the specific performance of a parol contract for the sale of one hundred and twenty acres of land. The petition alleges that the defendant Hill gave plaintiff possession of the land

in controversy, which was unimproved prairie, and that plaintiff entered thereon and did a large amount of breaking. The petition further alleges that Hill, subsequently to the sale to the plaintiff, sold and conveyed said land. to the defendant Tellinghuizen, who bought with knowledge of plaintiff's rights. The court found that the defendant Hill made the contract, as alleged, and that the defendant Tellinghuizen was an innocent purchaser for value, without notice of plaintiff's rights, and rendered judgment against Hill for the sum of six hundred dollars. The defendant Hill appeals.

*Hubbard, Clark & Deacon,* for appellant.

*E. P. Baker* and *H. C. Hemenway,* for appellee.

DAY, J.—I. Appellant insists that the contract is not established by that clear and satisfactory proof necessary for the enforcement of a parol contract for the conveyance of real estate. The plaintiff testifies positively as to the making of the contract, and particularly as to its terms. He is corroborated as to the main parts of his testimony by W. J. McLean. Both plaintiff and McLean testify that defendant authorized plaintiff to take immediate possession, and go to breaking, and that he promised to send a deed for the land as soon as he returned home to New York. The evidence is positive that plaintiff took possession and caused twenty-six acres to be broken. The defendant denies the contract *in toto,* and yet he admits that the plaintiff handed him a card upon which was written the price per acre, and the times and amounts of payments, as plaintiff claims they were to be made, which he carried in his pocket until it was worn out. Taking all the evidence together we think it does establish the contract in such satisfactory manner as to authorize a decree for specific performance.

II. The contract in question was made the latter part of May, or the 1st of June, 1874. At the time this contract

was made Hill had no conveyance for the land. On the 16th of June, 1874, he procured a conveyance from David Brill for the expressed consideration of one thousand one hundred dollars. It is claimed that as Hill had no title when the contract was made he could not give possession so as to take the case out of the operation of the statute of frauds. But the evidence on the part of plaintiff is that Hill represented he had a deed from Brill which was not recorded. Having procured the contract by such representation he cannot be permitted to shield himself from responsibility by showing that the representation was false, and that in fact he had no title.

III. It is claimed that as the defendant Hill had conveyed to Tellinghuizen, and thus placed it out of his power to spe-
3. ——: equitable jurisdiction. cifically perform the contract, that the court ought not to have retained the cause for final disposition, but should have remitted the plaintiff to his action at law for damages. The petition, however, alleges that Tellinghuizen purchased with notice of plaintiff's rights, and thus made a case for specific performance. It was discovered only after the introduction of the testimony that Tellinghuizen was an innocent purchaser, and must be protected as such. The court, having properly obtained jurisdiction of the case for the enforcement of specific performance, might retain that jurisdiction and make final disposition of the case. It was not necessary to remand the plaintiff to an action at law simply because the evidence showed that defendant had placed it out of his power to perform the contract specifically.

IV. It is claimed that, as defendant had no title at the time the contract was made, he could not have enforced specific performance against the plaintiff, and that, because of this want of mutuality, plaintiff cannot enforce specific performance against the defendant. We need not determine whether defendant could take advantage of his false representation as to ownership to avoid a decree for specific perform-

ance. It is clear that he could not thus escape liability for damages.

The judgment of the court is

AFFIRMED.