FOERDER v. WESNER ET AL.

1. **Mechanic's Lien**: WHO IS ENTITLED TO: IMPLIED CONTRACT FOR LABOR. One who performs labor for a contractor in the erection of a building may establish a lien against the building therefor, though no express contract for payment was made.

2. ——: ——: FOREMAN. The fact that one who performs labor on a building also acts as overseer of other workmen will not defeat his right to a mechanic's lien.

*Appeal from Union District Court.*

TUESDAY, JUNE 7.

THIS action is brought to recover of the defendant Wesner $200, for labor performed by plaintiff as a mechanic, and to establish as against the defendant Bell a mechanic's lien upon a building owned by him, upon which the work in question was done.

The defendant Wesner alleges that he and the plaintiff were partners in the erection of the building in question; that the contract price lacked $600.18, of paying for the building,

which sum defendant has paid, and that there is now due him from plaintiff on this account $300.09.

The defendant Bell answered admitting his ownership of the building and the real estate upon which it is situated, and that plaintiff filed his claim for a lien and notified him thereof as alleged, and averring that as to the other facts alleged in the petition he has not knowledge nor information sufficient to form a belief. The cause was referred to W. E. Adams, Esq., who reported the facts and his legal conclusions, recommending a judgment against the defendant Wesner for the sum of $192.50, and that plaintiff's mechanic's lien be established and foreclosed.

The court overruled the motion of the defendants to set aside the report of the referee, and entered judgment in accordance with said report. The defendants appeal.

*McDill & Sullivan*, for appellants.

*Harsh & Higbee*, for appellee.

DAY, J.—I. It is clearly established that the plaintiff performed labor upon the building in question. The principal inquiry is whether this labor was performed as a partner or as an employe of the defendant Wesner. We have carefully examined the evidence and the arguments of counsel upon this point. Some portions of the testimony are not fully reconcilable with either view of the question. The defendant Wesner alleges the partnership, and upon him is the burden of establishing it. We are of opinion that there is not a preponderance of evidence in his favor, and that the finding of the referee is correct. The facts that the written contract for the erection of the building was executed in the name of Wesner alone, and that he drew all the money upon the contract, and borrowed in his own name money to carry on the work, are strongly against the existence of a partnership. It must, upon the other hand, be admitted that portions of the testimony tend strongly to establish a partnership,

Foerder v. Wesner.

but not sufficiently, as we think, to create a preponderance in defendant's favor.

II. It is insisted that, if no contract of partnership was made, the contract which the law implies upon the part of Wesner to pay Foerder what his services were reasonably worth will not support and justify thee stablishment and enforcement of a mechanic's lien. It is said that all such a contract imports is that the labor was done on the building, and this alone is not sufficient; there must also be proof to establish the further fact that the labor was furnished specially, or for the purpose of being used for or about the building. Citing *Cotes & Davies v. Shorey*, 8 Iowa, 416. But where labor is done upon a building it is impossible that it could have been done for the purpose of being used elsewhere, so that proof of the performance of the labor is proof that it was furnished for the purpose of being used for or about the building. The case is a very different one from the furnishing of materials, which, although used in the erection of a building, may not have been sold for that purpose. That a mechanic's lien may be enforced upon an implied contract was held by this court in *Neilson, Benton & O'Donnel v. The Iowa Eastern R. Co.*, 51 Iowa, 184.

1. MECHANIC'S LIEN: who is entitled to: implied contract for labor.

III. The plaintiff had charge of the hands employed upon the brick work of the building, and, in addition to the performance of actual labor, he acted as overseer or foreman. It is claimed that for his services as overseer or foreman he is not entitled to a lien, and that, as there is no proof of the value of his services except in gross, he can have no lien for any portion of his services. We need not determine whether a mere overseer would be entitled to a lien. We feel satisfied that the plaintiff should not be denied a lien merely from the fact that, in addition to the performance of labor, he acted as an overseer.

2. ——: ——: foreman.

We are of opinion that the judgment of the court is right.

AFFIRMED.