McMurray et al. v. Van Gilder.

1. **Parties:** joinder.  In an action in equity, where a part of the relief asked is the cancellation of a contract, one of the parties to such contract may properly join as a plaintiff.

2. **Equitable Jurisdiction:** injunction: remedy at law.  A court of equity which has acquired jurisdiction of an action for the purpose of canceling a contract may retain the case and do complete justice between the parties by injunction, though a part of the relief granted might have been obtained in an action at law.

*Appeal from Lucas District Court.*

Wednesday, October 5.

Action in chancery.  There was a decree in the court below granting the relief prayed for in plaintiffs' petition. Defendant appeals.  The facts of the case are stated in the petition.

*Mitchell & Penick*, for appellant.

*J. N. McClanahan*, for appellees.

Beck, J.—I.  The petition alleges and the proof shows that plaintiff Mrs. McMurray rented to defendant certain lands to be cultivated in corn, for which he was to pay two-fifths of the crop as rent; that on the 5th day of November plaintiff Jackley accepted the proposition of his co-plaintiff to sell the corn, and paid part of the purchase money in the manner indicated in the proposition; namely, by paying certain notes and accounts held against McMurray; that on the same day Jackley informed defendant that he had purchased the corn; that defendant was advised by McMurray, by a letter delivered by Jackley at the time he informed defendant that he had purchased the corn, of the price and terms of the sale at which Mrs. McMurray would sell the

corn. On the next day the defendant sent to Mrs. McMurray the money and note corresponding with the terms of sale proposed by her, and his messenger represented that Jackley did not want the corn. Thereupon she accepted the money and note and executed a paper witnessing the sale of the corn to defendant. Subsequently, after being advised of the facts, Mrs. McMurray tendered to defendant the money and note received in payment of the corn. At the time of these transactions the corn in controversy had not been gathered; the defendant had gathered some of his. part of the crop, leaving the rent corn upon the stalk.

The petition alleges that defendant is insolvent and that the value of the corn cannot be collected from him by process of law. It prays for an injunction to restrain defendant from gathering the corn; that a specific attachment be issued for the seizure of the corn, and that the contract of sale made by Mrs. McMurray be canceled and that the corn be restored or full compensation be allowed therefor. A temporary injunction and attachment as prayed for in the petition were allowed. The answer of defendant denies the allegations of the petition relating to the sale of the corn to the respective parties, and avers that defendant acquired title to the property by his purchase. Upon the final hearing the court found the title of the corn to be in Jackley, and that the sale to defendant was procured by fraud and was, therefore, declared to be void and of no effect.

II. We think the decree of the District Court has ample support in the testimony. The defendant had full and complete notice of the proposition of sale made to Jackley, of his acceptance, and of the part payment made by him. Defendant procured the sale to himself by false and fraudulent representations which his messenger made to Mrs. McMurray, to the effect that Jackley declined to accept the proposition she had sent him, when in truth defendant knew that the proposition had been accepted and payment in part made

thereon. The facts are sufficient justification of the decree of the court below.

III. Defendant insists that there is a misjoinder of parties, and that his motion to strike out the name of McMurray as plaintiff should have been sustained. While she may not be a necessary party she is a proper party to the action, as it seeks to set aside a contract which she executed. She, therefore, has an interest in the subject matter of the action, and for this reason was properly joined as plaintiff. Code, § 2545.

*1. PARTIES: joinder.*

IV. The defendant insists that plaintiffs have a complete remedy at law, and that an attachment would have been a sufficient remedy to enforce the collection of the rent. But the action seeks to set aside a contract of sale, fraudulently obtained by defendant, which stands in the way of the enforcement of plaintiffs' claim to the corn.

*1. EQUITABLE jurisdiction: injunction: remedy at law.*

The plaintiffs were compelled to resort to the court of chancery to annul this contract, and that court, having acquired jurisdiction of the parties and the subject matter in controversy, in order to administer full equitable relief will retain the case and do complete justice though remedies that could have been sought at law are adopted and applied.

V. The defendant insists that the court below ought to have sustained his motion to dissolve the injunction. It will be readily seen that in view of the rights of plaintiffs to the corn, and the alleged insolvency of defendant, the temporary injunction was properly allowed. Under this injunction the defendant was restrained from so disposing of the property that plaintiff could not acquire its possession. The final decree declares that plaintiff, Jackley, is entitled to the corn as the owner thereof. The injunction, as it aided to secure his rights, was properly permitted to stand by the court.

VI. The defendant in his argument expressly declines to urge any objection to the action of the court in allowing and

refusing to dissolve the attachment; we are not, therefore, required to review these proceedings.

We have considered all questions discussed by counsel and reach the conclusion that the decree of the District Court ought to be

AFFIRMED.