MARCH TERM, 1885.     513

Stubbs v. The Clarinda, College Springs & Southwestern R'y Co.

STUBBS v. THE CLARINDA, COLLEGE SPRINGS & SOUTH-WEST-
ERN R'Y CO. ET AL.

1. **Mechanic's Lien:** SUB-CONTRACTOR: EXCESSIVE DEMAND: ACTION
TO ENFORCE: DEMURRER. Where plaintiff, a sub-contractor, filed a
statement and claim for a mechanic's lien, and blended in his statement
his account for moneys received and disbursed for his immediate
employer with his account for labor performed by him, and then claimed
a lien for the general balance, which was much greater than the balance
actually due him for labor, and these facts were apparent upon the face
of his statement, *held*, in an action to establish the lien, that a demurrer
was properly sustained thereto, because the statement and claim filed
was not a "just and true statement" as required by the statute, (Laws
of 1876, Ch. 100, § 6,) and did not entitle plaintiff to a lien. Whether
a mere mistake in claiming a lien for too large a sum would defeat the
claimant, *quaere*.

*Appeal from Page District Court.*

TUESDAY, MARCH 18.

ACTION to establish a mechanic's lien upon a railroad. The
defendants demurred to the plaintiff's petition, and the
demurrer was sustained; and, the plaintiff electing to stand
upon his petition, judgment was rendered against him for
costs. He appeals.

*S. C. McPherrin*, for appellant.

*Hepburn & Thummel* and *W. W. Morsman*, for appellees.

ADAMS, J.—The plaintiff averred, in substance, that in
1881 and 1882 the defendant, the Clarinda, College Springs
& Southwestern Railroad Company, was engaged in building
a railroad; that the company let the construction of a portion
of it to one John Fitzgerald, and he sublet the work, or a
portion of it, to Jesse Stubbs & Co., who employed the plaint-
iff as their book-keeper, cashier, and superintendent of their
working force on the railroad; that as such employe he worked
for Jesse Stubbs & Co. seven months, at an agreed salary of

$100 per month, commencing September 1, 1881, and ending March 31, 1882; that there is now due him for such work and labor the sum of $547.33, for which he asks judgment, and the establishment of a mechanic's lien. He set out in his petition a copy of his statement for a mechanic's lien, which he avers he filed on the first day of April, 1882. This statement shows that on March 31, 1882, when the plaintiff's services ceased, he had received from his employers $17,182.27, and had paid out for them $17,029.60; that he credited in his own account with his employers the amount received from them, and charged to them the money paid out for them, and also charged his monthly salary at $100 per month for seven months; and that the account thus kept showed a balance due him of $547.33. His statement containing such account was sworn to, and showed that he claimed a mechanic's lien for the whole balance of account upon so much of the road as may be found in the county.

The defendants demurred generally. In argument they raise the question, among others, as to whether the filing of such a statement is a proper compliance with the statute. The provisions of the statute in relation to the statement necessary to be filed is in these words: "Every person, whether contractor or sub-contractor, who wishes to avail himself of the provisions of this statute, shall file with the clerk of the district court of the county in which the building, erection, or other improvement to be charged with the lien, is situated, a just and true statement or account of the demand due him, after allowing all credits, setting forth the time when such material was furnished or labor performed," etc. Code, § 2133. The demand referred to in the statute means, of course, the demand for which a lien is claimed. In the case at bar, the demand, as shown by the statement, was $547.33, after allowing all credits. The defendants insist that this demand of $547.33, for which a lien was claimed, was not "a just and true statement," as required by statute. In our opinion the defendants' position must be sustained. The balance act-

nally due the plaintiff for labor, as we shall show, did not exceed $200; the remainder of the balance was for money paid out, for which no mechanic's lien was allowable, as the plaintiff well knew. The items for money paid out were irrelevant to such an account, and could have been inserted only for the purpose of enabling the plaintiff to obtain a lien for what he was not entitled to. We do not say that a mechanic's lien should be denied in every case in which the statement filed shows a balance of account for material or labor larger than is actually due. Possibly, if there was no intention to claim for material or labor more than was due therefor, an error made in the claimant's favor would not be fatal to the lien. On this question we express no opinion. In the case before us, there was an intention to claim a lien for money paid out. The account was drawn with that device.

The object of the statute in requiring a just and true statement to be filed is manifest. The statement is designed to be notice to the world of the true claim of the material-man or laborer. It is especially designed to be notice to the owner of the real estate upon which the lien is claimed. It was designed, in this case, to warn the railroad company that, in order to protect itself, it must withhold from John Fitzgerald $547.33 of the money otherwise payable to him; and it was designed to warn Fitzgerald that he must withhold a like amount from Jesse Stubbs & Co., the plaintiff's employers. If it were allowable to file an unjust and untrue statement, it can be seen at once that great injustice might be done. We think that the courts should hold the claimant to the strictest exercise of good faith in this respect.

We come now to consider whether it is true, as we have assumed, that the statement of the plaintiff's demand filed for a lien was unjust and untrue. We do not inquire whether the mere items of debit and credit are correct. We assume that they are; and on this assumption we propose to show that the "statement or account of the demand" for labor,

when taken as it was designed to be understood, is unjust and untrue. The statement sets up a claim for $547.33, as the balance due for labor. We have stated that only $200 was due for labor. A part, indeed, of the $200 appears to have been due merely for book-keeping; but, in the view which we have taken of the case, it is not important to inquire whether this fact should be held to vitiate the statement. There was only $200 due for labor of any kind.

This proposition the plaintiff denies, but the truth of it can be easily demonstrated. The first month's salary of $100 became due October 1, 1881; the second, November 1; and the third December 1. Nothing had been paid the plaintiff prior to this time; but on the first day of December he received on account $4,220; and again, on the thirty-first day of December, before another month's salary became due, he received $4,252.31, and on the same day he paid out $381.08. Before the first day of February, when the fifth month's salary became due, the plaintiff had received $13,389.83. During the month of January, however, he had paid out $3,854.46; but on the first day of February his receipts had exceeded his disbursements by $9,153.28. This was sufficient to pay all salary earned to that time and leave in his hands $8,653.28. During the month of February he received $3,500, but his payments were very large. He paid out all the money in his hands belonging to his employers, and $347.33 besides. The balance remaining due him is for this sum and two months' salary. We have assumed that the money received by him prior to February 1 in excess of disbursements was applicable upon his salary. Perhaps it would not be if it was received as a special trust fund, but it is not shown that it was. On the other hand, it is credited in the same general account in which the salary is charged, and the whole account is set out in the statement which was filed for a mechanic's lien. The plaintiff, by crediting the receipts in general account against his salary, must be understood as admitting that they were applicable upon his salary. The

very account, then, which he sets out, shows that his salary for the first five months was paid, and that at the end of the five months there was a large balance against him.    The statement filed for a lien should have embraced an account for labor merely.    Such account might have been for the entire seven months' salary, but, as he had been paid for the first five months, there should have been a credit upon it of $500. His disbursements, doubtless, were properly enough charged in his general account as it stood upon his books.    That account concerned no one but him and his employers.  · But in his statement for a lien his disbursements had no proper place.    They were entered there manifestly for the purpose of confusing and misleading, and giving color to the claim that there was $547.33 due him for salary.    The plaintiff was guilty of knowingly attempting to subject the property to an improper burden.    The natural effect of his act was to improperly obstruct settlements and embarrass all the parties behind him.

Our attention is called to the case of *Foerder v. Wesner,* 56 Iowa, 159.    In that case it was held that the plaintiff, who acted both as laborer and foreman in building a brick building, might have a lien for his labor where the only proof of the value of his services was of the value in gross; and it was said, in substance, that he might have a lien for his labor, even though a mere overseer could not.    But that case differs, we think, materially from this.    A foreman's labor is not susceptible of being properly divided into two divisions.    What he does with his hands serves often, doubtless, as instruction.    His diligence, too, may be presumed to promote the diligence of those under him; and his specific directions are probably often given while his hands are busy.    It would be absurd to undertake to divide such labor.    The case before us is one where the laborer has undertaken to mix the account for labor with an account for money paid for his employers, so as to give him a lien for both.    The statement, being improper in this respect, cannot, we think, be deemed a compliance with

the statute. We think, therefore, that the demurrer was properly sustained.

We may add that the petition was assailed upon several other grounds, but as to them we do not, in the view which we have taken, have any occasion to express an opinion.

AFFIRMED.