R. L. CHASE, Cashier, Appellant, v. THE GARVER COAL COMPANY et al.

| 90 | 25 |
| 98 | 475 |
| 90 | 25 |
| 105 | 268 |
| 90 | 25 |
| 106 | 29 |
| 106 | 425 |

**Mechanic's Lien as Against Mortgage:** WORK UNDER SEPARATE ORDERS. Where items of repairing are furnished under distinct orders, a lien, against an incumbrancer without notice, will be secured for such items, only, as are furnished within ninety days prior to the filing of the statement for lien, and, also, for all sold under an order given more than ninety days before said filing, if the last item in said order be furnished within the ninety days. **(1)**

MISTAKE OF LAW IN STATEMENT, EFFECT OF. The fact that the statement for lien, while containing no items which are not liens against the owner, contains such as are not liens against an incumbrancer because sold under an order no items of which were furnished within ninety days of the filing of the statement, will not, in the absence of bad faith, defeat the entire right to lien against the incumbrancer. **(2)**

*Appeal from Polk District Court.*—HON. S. F. BALLIETT, Judge.

SATURDAY, JANUARY 27, 1894.

ACTION in equity to recover the amount due on certain promissory notes made by defendant, the Garver Coal & Mining Company, and other claims, and for the foreclosure of a mortgage executed to secure their payment. The defendant, the Eagle Iron Works, filed an answer and cross petition, in which it claimed to be entitled to a mechanic's lien on the mortgaged property, superior to that created by the mortgage of plaintiff. There was a hearing on the merits between plaintiff and the Eagle Iron Works on the question of priority of claims, which resulted in a decree in favor of the iron works. The plaintiff appeals.—*Modified and affirmed.*

*Henry S. Wilcox* for appellant.

*Callendar & Smith* and *H. J. Clark* for appellees.

ROBINSON, J.—The mortgage under which plaintiff claims was executed on the eighth day of May, 1890, to secure an indebtedness which amounted to nearly five thousand dollars, and was recorded on the tenth day of the same month. The statement for a mechanic's lien in favor of the iron works was filed three days later, and alleges that the agreement under which the labor and materials for which a lien is claimed were furnished was made on the eighth day of July, 1889, and that the last of the materials and labor for which a recovery is sought were furnished on the twentieth day of March, 1890. When the mortgage was taken the plaintiff had no actual knowledge that the iron works made any claim for a mechanic's lien on the property mortgaged. The labor and materials in question were furnished to the Garver Coal & Mining Company in repairing its machinery at its mines. There was no general agreement which contemplated the precise repairs which were actually made, but when

repairs were needed, the coal company directed the iron works to make them, and when labor and material were furnished and repairs made at any given time, it was not known what other repairs, if any, would be required. The items making up the account of the iron works were, in fact, furnished at different times, under separate orders. Some of them were furnished in each month commencing in July, 1889, and ending on the tenth day of March, 1890, excepting the month of September. Some of the items were quite small. Thus, in July, 1889, the charge was for one dollar and fifty-five cents for labor and material used in making a roller. Several of the items charged on different days were less than one dollar each. On one date the charges amounted to forty dollars, but that was the largest sum charged at one time. The account is a continuous one, and amounts to two hundred and eighty-three dollars, from which credits for coal to the amount of one hundred and nine dollars and fifty-two cents are to be deducted.

I. The iron works was a principal contractor, within the meaning of the mechanic's lien law, and entitled to ninety days from the time of furnishing the last item of the account within which to file its statement for a lien. Acts, Sixteenth General Assembly, chapter 100, section 6. Therefore, if the repairs can be regarded as having been made under a single agreement as a part of the same transaction, the statement of the iron works was filed in time, and its lien is superior to that of the plaintiff's mortgage. *Evans v. Tripp*, 35 Iowa, 371; *Lamb v. Hanneman*, 40 Iowa, 43. It is not necessary that an agreement for labor and material be expressed, but it may be sufficient if implied. *Neilson v. Railway Company*, 51 Iowa, 185, 1 N. W. Rep. 434. It was not necessary that each item furnished should be specified or contemplated at the time of the making of the agreement (*Stockwell v. Carpenter*, 27 Iowa, 125);

nor that it be understood that the contractor should have a mechanic's lien for what he furnishes. (*Jones v. Swan*, 21 Iowa, 181). It is said that this case is, in its controlling facts, like the one last cited. In that, a lien was sought for work done and materials furnished in repairing old and in making new machinery, from time to time, as required by the owners. A verbal contract under which the contractor was to furnish castings was made about the time the first articles were furnished, but the account extended from the second day of December, 1863, to the twenty-third day of May, 1865. It was held that the contractor was entitled to a lien for the entire account as against a mortgage made and recorded within ninety days from the time the last item was furnished. When the contract was made, some of the items of the account were not contemplated, but were afterwards ordered as it was found that they were required. It will be observed, however, that in furnishing the labor and material thus ordered the contractor acted under the original agreement, and the work was done almost daily. In deciding that case the court said a different rule would obtain "where the work is done under different contracts, or such space intervenes between the different items as to raise the presumption that the work had once ceased, and the contract was completed." In that case, it sufficiently appears that the items which constituted the account were furnished for the improvements originally contemplated, with such changes as were afterward deemed proper, as a part of one transaction. In this case, so far as we are able to discover, the repairs made under one order were entirely independent of all others, not only as to their character, but also as to the time when ordered. There was apparently no special relation between the repairs made at different times. It is true, after the evidence had been submitted, and while the argument was being made, the iron works offered to

recall a witness, and prove that at the time the first labor and material were furnished it was agreed that the iron works should be employed to do any repairs and other work needed in its line, and that it should receive from the coal company fuel for its foundry; but its offer was refused by the court, for the reason that it deemed the evidence introduced sufficient on the proposition sought to be established.   The testimony was not introduced, and can not be given weight by us. But, had it been submitted, it would not have changed materially the case made by the record before us.   It would only have tended to show an agreement for future employment in case there should be occasion for it, and for taking coal in payment.   It does not appear that any special work was under contemplation when the alleged agreement was made, but it is evident that each order for repairs was, when accepted, in effect a separate contract.   The repairs appear to have been of such a character as might be constantly needed in a large mining business.   While it is true that they are within the scope of the mechanic's lien law, yet we think there is no ground for holding that they were furnished under a single contract as a part of one transaction, which the contractor is entitled to have secured by a single lien as against the plaintiff.

II.   It appears that the only materials charged in the account of the iron works which were furnished within ninety days of the filing of the statement for a lien were three sets of coal wheels and axles of the value of twenty-four dollars.   Other articles were furnished a short time before, but we are unable to determine from the record that they were supplied under the same order.  Payments have been made by the coal company which do not appear to have been applied by the parties to any specific part of the account.   Therefore, in accordance with the well established usage in such cases, we will apply them on the items of the account first

charged.   The iron works is entitled to a lien para-
mount to the mortgage of plaintiff for twenty-four dollars
and interest.   As to the remainder of the claims of the
iron works, the mortgage is senior.

III.   It is said that the iron works is not entitled to
a lien, for the reason that the statement it filed was not
just and correct.   That it was filed under an erroneous
theory as to the rights of the iron works is true, but it
is not shown to contain any item for which the iron
works was not entitled to a lien as against the coal
company.   There was no intentional wrong in the state-
ment, and no sufficient reason for applying to it the
rule announced in *Stubbs v. Railway Co.*, 65 Iowa,
513, 22 N. W. Rep. 654.   The decree of the district
court is MODIFIED AND AFFIRMED.