THE GREEN BAY LUMBER COMPANY v. LOUISE MILLER, *et al.,* Appellants.

**Mechanic's Lien:** WHAT IS "JUST AND TRUE STATEMENT." Under Code, section 2133, providing that, to create a lien for labor and material furnished, there must be filed "a just and true statement or account of the demand," a statement made and verified in good faith is sufficient, though unintentional errors be found. ·

EQUITY JURISDICTION. An action for money due for building material, and to foreclose a lien securing the same, is properly brought in equity.

SAME. A court of equity, having obtained jurisdiction of an action for the purpose of foreclosing a lien for building material, may render a judgment for the amount due, though the lien proves invalid. ·

ON RE-HEARING—MAY 22, 1896.

**Appeal:** RE-HEARING. The original opinion on an appeal will be modified on a re-hearing so as to correct an error therein, where such correction is not resisted.

*Appeal from Carroll District Court.*—HON. CHARLES D. GOLDSMITH, Judge.

FRIDAY, APRIL 5, 1895.

PLAINTIFF brings this action in equity to recover judgment against the defendants Louise Miller and Michael Miller, her husband, for balance of account for material furnished under contract for the erection of a certain building, and for the foreclosure of two mechanic's liens. On the first count and lien, plaintiff claims a balance of two hundred and ninety-six dollars and sixty-two cents, and on the second, the

sum of sixty-five dollars and eighty-five cents. The petition contains the usual averments made in such case. The defendants Miller answered, denying "each and every allegation, matter and thing in plaintiff's petition contained, not herein expressly admitted or explained." They admitted that Louise Miller is the legal owner of the lands and property described; that they are husband and wife; and state as follows: "The defendants further answering herein, say that they are not indebted to plaintiff in any sum whatever by reason of the charges set out in the itemized bill attached to the mechanics' liens set out in the itemized statements attached to their petition, and that the plaintiff has failed to credit defendants with lumber and materials returned, have made overcharges, and have made certain charges which were not made in, and are no part of, the original contract set out in plaintiff's petition, and with which these defendants should not be charged, an itemized statement of which is attached to the answer and made a part thereof." The itemized statement attached consists of a number of items of building material, and an item for "hauling lumber that was not according to the estimate, and refused by the architect, $35.00;" the whole aggregating one hundred and ninety-eight dollars and eighty cents. A number of parties were made defendants, of whom only the following answered: Wier Furnace Company, and Hatton, Wetherill & Gnam filed separate answers, admitting plaintiff's corporate capacity; that Louise and Michael Miller are husband and wife, that she is the owner of the property, and denying every other allegation of the petition; but, as no evidence was offered in support of either of the liens claimed, their claims will not be further noticed. The defendants Joyce, Badeau, and the Iowa Mutual Building & Loan Association did not appear; therefore these

defendants will not be further noticed. The defendant, W. L. Culbertson, answered, admitting that plaintiff is a corporation, that the Millers are husband and wife, that Mrs. Miller owns the property, and alleging that he is the owner of a certain mortgage lien upon the premises. Upon the issues between the plaintiff and the defendants Miller the district court found and decreed as follows: "That the plaintiff has failed to establish the fact that it had filed with the clerk of the district court of Carroll county, within the time provided by law, and before the commencement of this action, a just and true statement or account of the demand due it, after allowing all credits, setting forth the time when such material claimed for was furnished; that the defendants have established the fact that the account filed was an untrue statement of material furnished for the erection of the buildings on the premises sought to be charged; that plaintiff in his statement had blended with and in his claim items of account for material furnished for the erection of other buildings, not owned by Louise Miller, for which she had not contracted for nor purchased, for the purpose of unjustly charging the property of Louise Miller therewith; that, therefore, there is no equity in plaintiff's bill, and that his petition should be dismissed, and the same is hereby dismissed, and that the defendants have judgment for the costs, taxed at —— dollars." Plaintiff appeals.—*Reversed*.

*D. M. Reynolds* and *C. C. & C. L. Nourse* for appellant.

*H. W. Macomber* for appellees Miller.

GIVEN, C. J.— I.    The contentions are solely between the plaintiff and the defendants, Miller, and the first is as to the true state of plaintiff's accounts

for materials furnished for the building upon which a lien is claimed. Plaintiff alleges that the accounts, as set out in the petition, and in the claims for liens filed with the clerk, are just and true. This the defendants deny, not generally, however, but as explained. They explain that the accounts as stated are not correct, for that certain of the items are improperly charged therein, that overcharges are made in certain other items, and that defendants should be credited with certain other items. The inquiry is not as to each item of the accounts, as stated by the plaintiff, but simply as to the items set out by the defendants. The items set out by defendants are all of building material, except the thirty-five dollars for hauling lumber refused by the architect. Defendants contend that plaintiff's books of account are not so authenticated as to be receivable in evidence. We think otherwise, and therefore have considered them. Had defendants been required to state separately the items for which they claim credit for materials returned, which as overcharges, and which as improperly charged, our investigation would be much easier, and the result more satisfactory. Tracing the items as best we can by dates, names of materials, and amounts, we find that some of those set out in defendant's statement are not found in plaintiff's accounts; and as to others found in both there is no evidence whatever to rebut plaintiff's evidence that they are properly charged, and at the proper amounts. The evidence does show that a few of the items charged in plaintiff's first account are for materials furnished to Mr. Miller for a different house which he was improving at the same time. It also shows that plaintiff omitted to credit the defendants with a number of items of materials returned that had been charged, and that no credit was given for drayage paid by defendants in

returning materials.   Plaintiff was to deliver the
materials at its yard.   A large lot was so delivered,
part of which was 'rejected on inspection at the build-
ing, and returned to the plaintiff, defendants paying
the drayage.   Our conclusion is that defendant's are
entitled to credit on plaintiff's first account for mater-
ials improperly charged, and for materials returned
and not credited in the sum of ninety-two dollars
and fifty-five cents, and for drayage, thirty-five dollars,
making in all one hundred and twenty-seven dollars
and fifty-five cents.

II.   It will be observed that to allow the defend-
ants credit for all they claimed would still leave one
hundred and sixty-three dollars and sixty-seven cents
to the plaintiff, yet the court refused to render judg-
ment for the plaintiff, and dismissed the petition.
This action of the court was based upon the finding
that plaintiff was not entitled to a decree estab-
lishing either of the liens claimed.   This action
was properly brought in equity, and, as said in
*Insurance Co. v. McCrea,* 4 G. Green 230, "having got
jurisdiction for that purpose, they would have the
power.to go on and complete the remedy, even though
by so doing they decide upon matters purely pertain-
ing to courts of law."   See, also, *Renkin v. Hill,* 49
Iowa, 270; *Whiting v. Root,* 52 Iowa, 292 (3 N. W. Rep.
434), and *McMurray v. Van Gilder,* 56 Iowa, 605 (9 N.
W. Rep. 903).   We think plaintiff is entitled to judg-
ment in this action for the balance due from the
defendants, with interest, even though it were found
that neither of the liens claimed should be established.

III.   We next inquire whether plaintiff is entitled
to have either of the liens claimed established and
foreclosed.   The only ground upon which plaintiff's
right to the liens is denied is that the statements of
the accounts filed with the clerk of the district court
are not "a just and true statement or account of the

demand due him [plaintiff] after allowing all credits," as required by section 2133 of the Code. The only items in plaintiff's statement of account upon which the last lien is based that are questioned are four pieces of lumber—one 2x4–16, and three 1x12–12— amounting to eighty-five cents. As to these items, there is no evidence that they are improper or excessive charges, nor that the articles were returned. There is nothing to rebut plaintiff's evidence that they are just and true charges; therefore the account is unquestioned in the evidence, and the plaintiff is entitled to decree establishing and foreclosing said lien last filed with the clerk. As to the statement of account upon which plaintiff's first lien is based, we have seen that a few of the items are improperly charged therein, and that defendants are entitled to additional credits for materials returned to those given. It is entirely clear that these errors are not attributable to any purpose on the part of plaintiff or its employes to cheat or defraud. The articles got for the other building, and improperly charged in this account, were so charged through misunderstanding as to the building for which they were intended. The omission to credit all materials returned was, in part at least, because the return was not reported to the proper person. As to the drayage, the defendants alone knew the amount of credit to which they were entitled, and it does not appear that they ever asked that credit until it was asked in their answer. It was not claimed on the trial below, nor is it on this, that any fraud was intended in making the statement of the account as it was made and filed with the clerk, and we think such a claim could not be sustained on the evidence. Section 2133 of the Code requires, among other things, that to create a lien there must be filed with the clerk of the district court "a just and true statement

or account of the demand due him after allowing all credits." Defendants contend that because of the errors in charges and omissions in credits the statement or account filed is not just and true, and therefore plaintiff has not brought itself within the statute, and is not entitled to a lien. Plaintiff contends that unintentional mistakes in the account will not defeat the lien; that it is only when the statement or account is erroneously stated with intent to defraud that the lien is defeated by reason of the errors. In *Stubbs v. Railway Co.*, 65 Iowa, 513 (22 N. W. Rep. 654), plaintiff was employed on a monthly salary as bookkeeper, cashier, and superintendent by Stubbs & Co., sub-contractors in the building of the railroad. Plaintiff's statement of account, filed for a lien, included money received and paid out for his employers, and his monthly salary, showing a balance due to him of five hundred and forty-seven dollars and thirty-three cents, which was stated to be due for labor. The account showed, however, that only two hundred dollars of his salary remained unpaid, and that the balance of the five hundred and forty-seven dollars and thirty-three cents was for money paid out. We quote from the opinion as follows: "The items for money paid out were irrelevant to such an account, and could have been inserted only for the purpose, of enabling the plaintiff to obtain a lien for what he was not entitled to. We do not say that a mechanic's lien should be denied in every case in which the statement filed shows a balance of account for material or labor larger than is actually due. Possibly, if there was no intention to claim for material or labor, more than was due therefor, an error made in the claimant's favor would not be fatal to the lien. On this question we express no opinion. In the case before us, there was an intention to claim a lien for money paid out. The account was drawn

with that device. But in his statements for a lien, his disbursements had no proper place. They were entered there manifestly for the purpose of confusing and misleading, and giving color to the claim that there was five hundred and forty-seven dollars and thirty-three cents due him for salary. The plaintiff was guilty of knowingly attempting to subject the property to an improper burden. The natural effect of his act was to improperly obstruct settlements and embarrass all the parties behind him. The case before us is one where the laborer has undertaken to mix the account for labor with an account for money paid for his employers, so as to give him a lien for both. The statement, being improper in this respect, cannot, we think, be deemed a compliance with the statute." While the precise question under consideration was not involved nor decided in that case, it being one of fraud, there is certainly nothing in the opinion adverse to the claim of the plaintiff. In *Chase v. Mining Co.*, 90 Iowa, 25 (57 N. W. Rep. 648), is the following: "It is said that the iron works is not entitled to a lien, for the reason that the statement it filed was not just and correct. That it was filed under an erroneous theory as to the rights of the iron works is true, but it is not shown to contain any item for which the iron works was not entitled to a lien as against the coal company." There was no intentional wrong in the statement, and no sufficient reason for applying to it the rule announced in *Stubbs v. Railway Co.*, 65 Iowa, 513 (22 N. W. Rep. 654). Said section 2133 provides that the statement filed for a lien must set forth "the time when such material was furnished, or labor performed, and when completed, and containing a correct description of the property to be charged with the lien. In *Bissell v. Lewis*, 56 Iowa, 231 (9 N. W. Rep. 477), it was held that the fact that the description included other property

owned by other persons than those against whom a lien was claimed did not invalidate the lien. In *Bangs v. Berg*, 82 Iowa, 350 (48 N. W. Rep. 90), the statement represented all the labor and materials as having been furnished on the same day, which was impossible. The court said: "There is a technical want of accuracy which does not in any manner affect the rights of interested parties. That it was not the result of an intention to mislead, or to secure an advantage, is apparent." It was held that the error could not defeat the lien. The lien provided for is for labor, materials, machinery, and fixtures furnished. To hold that the statements required, as to the account, the time, and the property to be charged, must be exactly as upon investigation it is found they should have been, would be to defeat a large per cent. of just and equitable liens that are sought to be made. If errors such as we find to have unintentionally got into plaintiff's account are to defeat a lien, but few such liens will be established, for it is common that disputes arise upon such accounts, and that investigation leads to corrections. The statement or account of the demand is just and true within the meaning of the statute when it is for labor, materials, machinery, or fixtures furnished, and is believed to be just and true by the person who verifies it. If the party verifying knows that the demand is for other than that for which a lien is allowed, as in *Stubbs' Case*, or that it contains charges or omits credits that it should not contain or omit, then surely it is not a just and true statement or account of the demand. A statement or account of the demand, within the statute, that is made and verified in good faith, is just and true within the meaning of section 2133, though unintentional errors may be found to exist therein. This view finds support in the following authorities: Phillips Mech. Liens, section 355; *McDonald v. Nimbus*,

137 Mass. 360; *Harmon v. Railroad Co.* (Cal.) (22 Pac. Rep. 407, 23 Pac. Rep. 124). Our conclusion is that the plaintiff is entitled to judgment, as already stated, and to a decree establishing and foreclosing both liens, as prayed.

IV. Defendant, W. L. Culbertson, shows by his answer that on October 5, 1891, Louise and Mr. Miller executed to him their mortgage upon the real estate in question to secure the payment of their promissory note of that date for one thousand five hundred dollars, payable October 5, 1892, with interest from date. He avers that said mortgage is superior to plaintiff's liens, and asks that it be so declared. No issue was joined upon the averments of this answer, and on the trial it was stipulated as follows: "It is agreed that the mortgage of W. L. Culbertson, as shown by Mortgage Book 8, page 103, was filed October 6, 1891, and includes the lien premises described in plaintiff's petition; that the plaintiff's first claim for a lien was filed in Mechanic's Lien Record No. 2, page 55, April 26, 1892; and that the first item of material was delivered thereon May 7, 1891, and the supplemental statement for a mechanic's lien was filed November 11, 1892, in Record No. 2 of Mechanics' Liens, on page 66, and the first item was delivered May 13, 1892, on the supplemental lien." Plaintiff's counsel contend that defendant Culbertson does not allege nor prove that anything is due upon his note and mortgage. His answer will not bear such a construction, and under the stipulation he is entitled to a decree establishing his lien and the order thereof. He does not ask foreclosure or judgment other than for costs. According to the dates shown in the stipulation, plaintiff is entitled to priority over this mortgage upon its first lien, and the mortgage is entitled to priority over plaintiff's second lien. The judgment of the district court is

reversed, and the case will be remanded for judgment and decree in conformity with this opinion.— REVERSED.

### SUPPLEMTAL OPINION ON RE-HEARING.

### FRIDAY, MAY 22, 1896.

PER CURIAM.—An error in the concluding words of the foregoing opinion (62 N. W. Rep. 742) led us to grant a re-hearing. The petition presents simply the one question, and the claim of error meets with no resistance. The opinion places the Culbertson mortgage as superior to plaintiff's second lien, and it is in this that the error consists. Plaintiff's two liens are superior to the Culbertson mortgage, and the opinion is so modified as to show that conclusion.—REVERSED.