DUROE & CONLEY V. EVANS STEPHENS, P. A. GOSSMAN, Appellant, A. K. THURSTON AND MRS. A. K. THURSTON, Appellees.

**Construction of Covenant.** A deed, after reciting that it was subject
1 to two named mortgages, covenanted in print that the premises were free from all incumbrances. This was followed by the written words "except as above." Then came a printed special warranty to defend against all persons, followed by the written words, "in, through or by us." *Held*, said special warranty did not limit the general covenant against incumbrances, and the grantee had a right of action upon the existence of a mortgage other than the two named in the general incumbrance clause.

**SAME:** *Cross-action by covenantee.* A covenantee in a covenant against
4 incumbrances, who, without objection, files a cross-petition asking appropriate relief, in an action to foreclose a mortgage, the existence of which constitutes a breach of the covenant, is entitled to a decree permitting him to pay the mortgage and costs and adjudging the covenantor liable therefor, or providing that upon payment of the mortgage and costs by the covenantee, within a certain time, he have a judgment against the covenantor for the amount so paid.

**BREACH.** A covenant against incumbrances is broken *eo instante*
2 where there is a mortgage on the property, in existence at the time the deed is executed.

DAMAGES: *In chancery.* Damages for breach of covenant against incumbrances sustained since the commencement of the action, may be recovered where the action is in chancery. Citing *Mosely v. Hunter,* 15 Mo. 329; *Kelley v. Low,* 18 Me. 244; *Brooks v. Moody,* 20 Pick. 474.

*Appeal from Clay District Court.*—HON. W. B. QUARTON, Judge.

## WEDNESDAY, APRIL 7, 1897.

STEPHENS executed a certain mortgage to plaintiffs, and, thereafter, conveyed the premises described therein to Thurston, who deeded the same to Gossman. In an action to foreclose the mortgage, Gossman answered plaintiff's petition, and filed a crosspetition against Thurston, alleging the existence of the mortgage at the time of Thurston's conveyance, and that the same constituted a breach of the covenants contained in his deed, and asked judgment against Thurston for the amount due on the mortgage, and the costs of the foreclosure and attorney's fees in defending against the mortgage, and offered to pay such amounts as soon as ascertained. A decree of foreclosure was entered in favor of plaintiffs, and the cross-petition dismissed. Gossman appeals.—*Reversed.*

*William Milcrist* and *F. F. Faville* for appellant.

*Cory & Bemis* for appellees.

LADD, J.—It is conceded that the decree of foreclosure was properly entered in favor of plaintiffs, and the only controversy arises on the cross-petition of Gossman and the answer thereto by Thurston. The deed from Thurston to Gossman, executed October 17, 1893, contains the following: "Subject to two mortgages of record, one for twelve hundred dollars, and one for eight hundred dollars,

which F. A. Gossman assumes and agrees to pay. Possession granted by March 1, 1894. And we hereby covenant with the said Frank A. Gossman that we hold said premises by good and perfect title; that we have good right and lawful authority to sell and convey the same; that they are free and clear from all liens and incumbrances whatsoever, except as above. And we covenant to warrant and defend the said premises against the lawful claims of all persons whomsoever claiming in, through or by us." The words, "except as above," and "in, through or by us," are in writing, and otherwise the covenants are printed. It is claimed by appellees that the special warranty so limits the preceding covenants that the existence of an outstanding mortgage other than those mentioned would not constitute a breach thereof. The rule of construction uniformly adopted is that quoted from Sugden on Vendors in *Morrison v. Morrison*, 38 Iowa, 73: "Where the first covenant is general, a subsequent limited covenant will not restrain the generality of the preceding covenant, unless an express intention to do so appears, or the covenants be inconsistent." The covenant against incumbrance is complete in itself, with the exception named. The words "except as above" are written, while those preceding are printed, indicating that in making these exceptions all others are excluded. *King v. Kilbride* (Conn.) 19 Atl. Rep. 519. The special warranty is not connected with the previous covenants, and is not inconsistent therewith. There is no contradiction or absurdity in making one covenant against all mankind, and another against yourself and heirs. *Bender v. Fromberger*, 4 Dall. 436. The special warranty may be mainly comprised in what precedes it, but is reconcilable with the other covenants. *Brown v. Tomlinson*, 2 G. Greene, 525. That a special warranty following a general covenant

against incumbrances will not limit such covenant is held in the cases referred to, and also in *Alexander v. Schreiber*, 10 Mo. 460; *Duvall v. Craig*, 2 Wheaton, 44; *Rowe v. Heath*, 23 Tex. 614. In *Crum v. Loud*, 23 Iowa, 219, Judge Wright gives the weight of his opinion to this rule, though the court bases its decision upon another ground. It is probable that the conveyancer, in adding the words "in, through or by us," to the general warranty, thereby making it special, so did in order that there might be no inconsistency with the preceding covenants, and to avoid a possible construction which might affect the previous conditions with reference to the payment of the two mortgages. In any event, we hold that the special warranty did not limit the covenant against incumbrances.

II. In his answer to the cross-petition, Thurston asked that the deed be reformed, so that the covenant against incumbrance would be limited to the two mortgages mentioned. This relief the court properly denied, as the evidence failed to show any mistake such as was alleged.

III. It is insisted by appellees that Gossman cannot maintain the action for the breach of covenant against incumbrances until he has paid the mortgage of plaintiffs. As the mortgage was in existence at the time the deed was executed, there was a breach of the covenant when the deed was delivered *eo instante*. *Funk v. Voneida*, 14 Am. Dec. 617; *Funk v. Creswell*, 5 Iowa, 62. So that Gossman had a right of action against Thurston, and was entitled to recover nominal damages, in any event. It is well settled that in an action at law he could not recover such damages without having actually paid the mortgage.

But this was tried in equity, and in the same action in which a decree of foreclosure of the identical mortgage is asked. It is well settled that, in chancery, damages sustained since the

commencement of the action may be recovered. *Richmond v. Railway Co.*, 33 Iowa, 504. And this is true in an action for breach of the covenant against incumbrances. *Mosely v. Hunter*, 15 Mo. 329; *Kelly v. Low*, 18 Me. 244; *Brooks v. Moody*, 20 Pick. 474. In the last case it is said that "the reasons why a covenantee cannot recover full damages without extinguishing the incumbrance are — *First*, because he may never be disturbed by the outstanding incumbrance, as it may be removed by the payment of the debt, for which the estate is hypothecated, by some other party to the obligation; and, secondly, because the defendant, after paying the amount on his covenant, might still be called upon, by the party holding the outstanding mortgage, on his personal obligation, and so might be twice charged." It is a maxim that, "the reason of the law being changed, the law also is changed." The action of Gossman is not properly in equity, and he had no right to intervene, but he has filed a cross-petition in the foreclosure proceedings without objection, and he expressly offers therein to pay the amount ascertained by the court to be due on the mortgage, and the cost of foreclosure, and asks that he have judgment against Thurston for the amount so paid. Equity will always afford full relief when possible, and this, even though the remedies could be sought in an action at law. *Young v. Tucker*, 39 Iowa, 600; *McMurry v. Van Gilder*, 56 Iowa, 607 (9 N. W. Rep. 903). Certainly, by permitting payment of the amount found due in the decree of foreclosure of the mortgage, and the costs, by Gossman, and rendering judgment against Thurston therefor, or by providing that, upon the payment thereof by Gossman within a certain time, he have judgment against Thurston for the amount so paid, Thurston would have been fully protected. Such a decree should have been rendered. As bearing

thereon, see *Trust Co. v. Arnold*, 81 Iowa, 158 (46 N. W. Rep. 982).

IV.   Claim is made for attorney's fees, expended by Gossman in defending in the main action, as part of his damages.   He is not entitled thereto, for the reason that it is not shown that any defense was made, or that the expense was necessary.—REVERSED.