THAYER & WHITE, plaintiffs in error, vs. DENTON, defendant in error.

A debtor, upon paying money to his creditor, has a right to say on which one of several notes or demands the payment shall be applied.

Where an application of a payment by one of two joint debtors has been once made upon the joint debt, it operates to extinguish so much of the debt, and the application cannot be subsequently changed by the concurrent act of the creditor and paying debtor and the claim thus revived, without the consent of the co-debtor.

Case made from the Circuit Court for the County of Washtenaw.

This action was brought on a promissory note, of which the following is a copy :

"Four months after date, for value received, we, jointly and severally, promise to pay Samuel Denton, or bearer, one hundred and twenty dollars.

"CHARLES T. WHITE,
"CHARLES THAYER.

"ANN ARBOR, 6th September, 1851."

The suit was commenced before a Justice of the Peace, and was removed by appeal to the Circuit Court for the County of Washtenaw, where the cause was tried before the Hon. Samuel T. Douglass, Circuit Judge, without a jury. Judgment was rendered for the plaintiff for the full amount of the principal of the note and interest. The defendants brought a writ of error.

The declaration was on the note. The plea was the general issue, and notice of set-off was given.

On the trial in the Circuit Court, the execution of the note was admitted by the defendants. They then introduced the deposition of Athelia R. Beckley, who testified that on or about the 20th day of October, 1852, Charles T. White, one of the defendants, gave to her seventy-five dollars, to give to the plaintiff, to apply on a note signed by the defendants, White and Thayer, payable to the plaintiff or bearer, and that on the same day she paid the money to the plaintiff, and told Denton that White wished him to apply the money on said note ; to which Denton replied, "Very well, I understand it." The defendants then rested.

The plaintiff then called Richard Behan as a witness, who testified as follows : "I am acquainted with the parties to this suit ; I am an acting Justice of the Peace in the city of Ann Arbor, and am the Justice before whom this cause was tried ; that the note now presented to witness, of which the

following is a copy, was also put into judgment the same day, viz. :

"'Value received. I promise to pay Samuel Denton, or bearer, thirty-three and eighty-three one-hundredths dollars, on or before the first day of November next.

"' CHARLES T. WHITE.

"'PONTIAC, May 1st, 1853.'"

That after the trial in this cause was over in the Court below, the defendant, White, admitted before the witness that at the time the last mentioned note was given, he, White, and the plaintiff had a settlement of their private dealings and matters generally, in the village of Pontiac, and that at such settlement White consented that *the seventy-five dollars which had previously been paid upon the note in this suit* should be applied upon the individual matters then settled between the plaintiff and White, and that the note declared upon in this suit might stand as a subsisting liability against him, White, and Thayer. On cross-examination, the witness further testified that there was nothing said by White in that conversation about the defendant Thayer being present, or privy to that arrangement.

*Seaman & Root*, for plaintiffs in error.

When a person owes money upon several accounts, he has a right to direct his payments upon either, as he pleases. (*Chit. on Cont.*, 7 *Am. ed.*, 752, 753, *and notes; Liv. Law Mag.*, Dec. 1855, *p.* 739, 740, *and cases cited; Hall* vs. *Marston*, 17 *Mass.*, 575; *Reed* vs. *Boardman*, 20 *Pick.*, 441; *Gilchrist* vs. *Ward*, 4 *Mass.*, 692; *Bonaffe* vs. *Woodberry*, 12 *Pick.*, 463.) If the debtor pays money generally without appropriating it, the creditor may appropriate it as he pleases. When neither debtor or creditor make any specific application, the law will do so according to the

justice and equity of the case. (*Cremer* vs. *Higginson*, 1 *Mason.*, 338; *U. S.* vs. *Wardwell*, 5 *Ib.*, 85; *Pattison* vs. *Hall*, 9 *Cow.*, 769, 771; *Baker* vs. *Stackpole*, 9 *Ib.*, 420; *Allen* vs. *Kimball*, 23 *Pick.*, 473; *U. S.* vs. *Eckford*, 17 *Pet.*, 251.) Where the debtor makes the application to a particular debt, equity will not change it. (5 *U. S. Dig., Sec.* 105, *p.* 512; *Selfridge* vs. *Northampton Bank*, 8 *Sergt. & R.*, 320.) If the application is once made, the creditor cannot change it. (2 *U. S. Eq. Dig., Sec.* 36, *p.* 411; *Hill* vs. *Southerland*, 1 *Wash.*, 128; *White* vs. *Trumbull*, 3 *Green*, 314; *Hilton* vs. *Burley*, 2 *N. H.*, 123.) If, at the time of payment, any direction is given as to the appropriation thereof, the receiver, by accepting the money, is bound by that appropriation, and cannot otherwise apply it. (*Hall* vs. *Marston*, *Bonaffe* vs. *Woodberry*, *and Reed* vs. *Boardman*, *before cited.*)

An application of funds to the payment of a debt once made in good faith by a debtor or creditor, cannot be interfered with. (*Bank of Muskingum* vs. *Carpenter*, 7 *Ham.*, 1st *pt.*, 21; 2 *U. S. Dig.*, 412, *Sec.* 54.)

After a creditor has received money and rendered an account of the application of it, in payment of certain debts, he cannot make his election to appropriate it in a different manner, so as to vary the rights of third parties. (*Bk. of N. Am.* vs. *Meredith*, 3 *Wash. C. C. R.*, 47; *P. M. Gen.* vs. *Norval*, *Gilp.*, 106.)


*O. Hawkins*, for defendant in error.


The precise point made in this case is not raised or decided in any case referred to by the counsel for the plaintiffs in error, to wit: whether a party sending money to his creditor with specific directions upon what to apply the same, and the creditor makes a different application thereof, it is valid and binding. The party paying, if he owes different demands to the same person, has the right to select on which he will

make the payment; but this does not preclude a different application by consent of parties.

Thayer cannot object to this, for the reason that he had no interest in the money sent, and having no interest, any arrangement made by White is binding; and had there been no direction, the Court would apply the money where there was no other security. (*Hilton* vs. *Burley*, 2 *N. H.*, 196, *per Woodbury*, *J.*) It is insisted by the plaintiffs in error, that Thayer is injured. How injured? He has paid nothing, nor does it appear that there is any insolvency of either of the plaintiffs in error. Neither can the payment enure to the benefit of Thayer, simply because it was alleged, though not proven that he was merely security for White. (*Brewer* vs. *Knapp*, 1 *Pick.*, 332.)

By the Court, BACON, J.

The remark made by Denton when the witness, Athelia Beckley, paid him the $75, with directions to apply the same on the note in question, " very well, I understand it," was an express assent to apply the money according to such direction. If he did not wish to make such application, it was his duty so to have informed the witness Beckley, who, for the purpose of making the payment, was the agent of White, and he should have refused to receive the money.

The debtor has a right to say on which of several notes or demands his payment is to be applied. Among numerous cases to this effect, we cite: 17 Mass., 575; Hull *vs.* Manton, 20 Pick., 441; Reed *vs.* Boardman, 12 Pick., 463; Bonaffe *vs.* Woodberry.

The money being thus applied, by the agreement of the parties, it operated to extinguish so much of the interest and principal of the note as was equal to the amount paid. This is well illustrated in the case of Am. Bank *vs.* Jenness (2 *Metc.*, 288), where the maker of a note paid it, but did not take it up. The holder of the note afterwards sold it. The

Court held, that the payment by the maker extinguished it, and that having been sold when past due, it was of no validity in the hands of the purchaser.

It is contended, however, by the plaintiff, that a subsequent agreement was made on the 11th of May, 1853, by White, one of the defendants, and himself, at a settlement of their private matters, that the sum of seventy-five dollars, which had been paid on the note in question in the month of October preceding, should apply on their individual matters, which were then settled between them, thereby changing the application of the payment from the joint debt of the defendants to the individual debt of White alone.

It is to be borne in mind that the note in this suit is the joint and several note of the defendants ; that it does not appear that Thayer agreed to the arrangement which was said to have been made between the plaintiff and White on the 11th of May, 1853, or that he ever knew of it ; nor does it appear whether the seventy-five dollars which were paid, were furnished by one or both of the defendants.   Whatever the fact may have been, White alone could not change the payment from the joint note of himself and Thayer, to his individual account.   If it could be changed at all, it could only be done by the agreement of both defendants with the plaintiff.   We are also to notice that the only proof of this new agreement, is an admission which was made before the Justice, at the time when judgment was entered on both notes. Such evidence is generally looked upon as very weak, and of the most unsatisfactory character.

We need not, however, have recourse to this evidence to decide the case before us.   It seems to be conceded by the plaintiff, that the seventy-five dollars paid by White were applied on the note of the defendants.   The proof made by the plaintiff himself is this : " White then and there consented that the seventy-five dollars which *had previously been paid upon the note in this suit*, should be applied upon the indi-

vidual matters then settled between the plaintiff and White."
The plaintiff has thus furnished proof in addition to what
had already been shown by the defendants, that the seventy-
five dollars had been paid on the note in question. Thayer
not having consented to any change as to the application of
the payment, has the right to insist on its remaining where
the parties placed it. It might be a fraud on him to apply
it elsewhere.

We think that the judgment of the Circuit Court was
erroneous, and should be reversed with costs.

Present, BACON, PRATT, WING, GREEN, JOHNSON, COPELAND,
MARTIN, J. J.

DOUGLASS, J., did not participate, having decided the cause
in the Court below.