### CHICAGO LUMBER COMPANY v. WOODS & SON ET AL.

1. **Mechanic's Lien : ACCOUNT: APPLICATION OF PAYMENTS.** Where a payment made on account was credited by direction of the party paying upon an account for which a mechanic's lien was claimed on property of a third person, it was held that it operated to discharge the lien to that extent, although the credit was afterward transferred to another account between the parties, it appearing that the first application was made intentionally and not through mistake.

<div align="center">*Appeal from Polk Circuit Court.*</div>

<div align="center">MONDAY, APRIL 26.</div>

ACTION upon an account for lumber sold to the defendants H. N. Woods & Son, and to establish a mechanic's lien upon certain property belonging to the defendant The State Insurance Company. Judgment was rendered against Woods & Son for the amount claimed, to wit: $1,077.62, but a mechanic's lien was allowed for only $677.62. The plaintiff appeals.

*Charles A. Finkbine*, for appellant.

*Brown & Dudley* and *Holmes & Nottingham*, for appellees.

ADAMS, CH. J.—The defendants H. N. Woods & Son are builders, and as such they entered into a contract to build, and did build, a three story brick building for the defendant The State Insurance Company. For the construction of the building, Woods & Son purchased lumber upon credit of the plaintiff. Woods & Son at the same time were engaged in erecting a building for one King, and they purchased lumber upon credit of the plaintiff for the construction of the King building. The plaintiff kept two accounts with Woods & Son, the one being for lumber sold for the construction of the insurance company building, and the other for lumber sold for the construction of the King building. On the 20th of August, 1878, and while the two accounts for lumber stood upon the plaintiff's books, Woods & Son made a payment of $400, which was applied upon the account for lumber sold for the construction of the insurance company building. A few days later the credit was taken from that account, and applied to the account for lumber sold for the construction of the King building. The court held that the insurance company was entitled to the benefit of the credit, notwithstanding the transfer of the same to the other account. The correctness of this ruling constitutes the only question in the case.

The ruling we assume was based upon the idea that by the payment the lien upon the insurance company's property was, to that extent, discharged, and that when once discharged it was not within the power of plaintiff and Woods & Son to revive it.

This we think must be the correct view, unless the payment, the insurance company not being a party to it, should be deemed absolute only as extinguishing so much of Woods

<div style="margin-left:2em">1. MECHAN-IC'S LIEN: account: application of payments.</div>

& Son's indebtedness, and provisional in respect to the application, or unless the application was made by mistake. It should be observed here that there is no pretense that the insurance company had knowledge of the application, or changed its position in reliance upon it.

As to whether the payment should be regarded as provisional in respect to its application, this must be said: The theory that it should be so regarded has no relevancy, except so far as it might support the claim that the payment did not affect the plaintiff's lien. But we are unable to conclude that it did not. The plaintiff could have a lien only for what was due it. If no application had been agreed upon, the law would have made one, and in either case it appears to us that it must have operated to the extinguishment *pro tanto* of the plaintiff's lien upon specific property.

If an application was agreed upon or intended by the parties to the payment; and by mistake a different one was made, it appears to us that the application might be corrected so as to make it conform to the intention of the parties, if done before the person against whom the lien was claimed had acted in reliance upon the application. In such case the application as corrected might, we think, be properly regarded as the only application. The plaintiff contends that the application of the payment upon the insurance company account was made by mistake. The argument of plaintiff's counsel is directed mainly to this question of fact. But we have to say that we do not think that the plaintiff is sustained by the evidence. The application was made precisely as Woods & Son directed, and as the plaintiff intended to make it, and we are unable to discover that Woods & Son intended to give a different direction.

In our opinion the judgment of the Circuit Court must be

AFFIRMED.