LEONARD REFINERIES, INC., v. GREGORY.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE—ACCOUNT STATED.
   On appeal from directed verdict and judgment for plaintiff in action on an account stated, the testimony and inferences therefrom must be viewed in the light most favorable to defendant.

2. SALES—FAILURE TO DELIVER ENTIRE QUANTITY—ACCEPTANCE.
   Under provisions of the uniform sales act relative to buyer's acceptance of the wrong quantity of goods and the buyer's right to examination the seller is not entitled to full recovery on bill of goods where not all of them have been delivered (2 Comp. Laws 1929, §§ 9483, 9486, 9488).

3. ACCOUNT STATED—DEFINITION.
   An account stated is an agreement, between parties who have had previous transactions of a monetary character, that all the items of the accounts representing such transactions are true and that the balance struck is correct, together with a promise, express or implied, for the payment of such balance.

4. SAME—FRAUD—MISTAKE.
   An account rendered may become an account stated but it may always be opened upon proof of fraud or mistake.

5. SAME—FRAUD—MISTAKE—QUESTION FOR JURY.
   In action before jury to recover on an account stated by refinery for balance claimed due for gasoline and oil sold and delivered, it was error to exclude testimony offered by defendant tending to show fraud or mistake in delivering quantities of fuel oil or gasoline less than the amount for which plaintiff claimed and not submit question of amount delivered to jury (2 Comp. Laws 1929, § 9483).

6. SAME—OBJECTIONS TO ACCOUNT RENDERED—REASONABLE TIME.
   While the failure of a debtor to object within a reasonable time to monthly statements rendered amounts to an admission of the correctness of the account, the rendition of statements at intervals will not constitute an account stated where the debtor repeatedly makes claims of mistake.

Accounts stated, see 2 Restatement, Contracts, §422.

7. Same—Objections—Reasonable Time—Question for Trier of the Facts.

Whether a debtor fails to make objections to the statement of account rendered by the creditor within a reasonable time is a question of fact to be submitted to the jury under the circumstances of the case.

8. Same—Reasonable Time.

What is a reasonable time within which to object to the statement of an account rendered depends upon when an ordinarily careful and prudent man would act under the circumstances which vary with each case and business involved.

9. Same—Last Item—Payment—Question for Jury.

In action on account stated where a sum was claimed for last item delivered, it was error to deprive defendant of consideration by jury as to whether such item was paid where truck driver had refused to deliver the goods until payment therefor had been made, check was given for claimed value of the load and an additional amount to be applied on previous account.

10. Payment—C. O. D.—Application to Earlier Items.

Payment for goods delivered on a c. o. d. basis does not authorize the creditor to apply payment so made on earlier items of account.

11. Same—Application by Debtor.

A debtor, upon paying money to his creditor, has a right to say on which one of several demands the payment shall be applied.

12. Account Stated—Subsequent Dealings—Defenses.

In action of assumpsit for balance due for oil and gasoline sold defendant on theory of account stated or lack of reasonable notice of objections to account rendered, where there were dealings between the parties subsequent to last item appearing on account, defendant should not be excluded from defenses of payment or recoupment.

Appeal from Oakland; Cramton (Louis C.), J. Submitted October 9, 1940. (Docket No. 17, Calendar No. 41,080.) Decided December 10, 1940. Rehearing denied February 7, 1941.

Assumpsit by Leonard Refineries, Incorporated, a Michigan corporation, against John Gregory, do-

ing business as Gregory Coal & Oil Company, for goods sold and delivered. Directed verdict and judgment for plaintiff. Defendant appeals. Reversed, and new trial granted.

*Cook, Smith, Jacobs & Beake (Arthur H. Wrock,* of counsel), for plaintiff.

*Robert D. Heitsch,* for defendant.

BOYLES, J. Plaintiff brought suit for a balance of $537.36 claimed to be owing by defendant for gasoline and oil sold and delivered. The declaration was on an account stated and the common counts were also added. The transactions occurred during the year 1936 and prior to December 7, 1937. On the latter date plaintiff furnished defendant with the following statement which plaintiff claims as the basis of an account stated:

"LEONARD REFINERIES, INC.,
"East Superior Street on U. S. 27 A
"Alma, Michigan.

"To Gregory Coal & Oil Co.,
    "Pontiac, Michigan.

"To remind you that our ledger shows the following invoices past due:

| "Date of Invoice | Date Due | Invoice No. | Amount Due |
|---|---|---|---|
| "4-19-37 | 5-19-37 | T-3346 (Bal.) | 27.79 |
| "5- 5-37 | 6- 5-37 | T-3577 | 199.67 |
| "6- 1-37 | 7- 1-37 | T-4190 | 231.62 |
| "7-14-37 | 8-14-37 | T-5003 | 194.14 |
| | | | 653.22 |

"Less credit by cash paid on purchases from Cryden Refineries, Drayton Plains, Michigan, ½c per gallon on all purchases from 9-4-37 to 11-11-37 . . . . .    115.86

"Balance    537.36

"Final notice.
(Signed) M. D. Vanderley.

"Kindly attach your remittance to this notice and forward by return mail. We thank you for your valued business and solicit your further patronage. (If you have already mailed your remittance, kindly disregard this notice.)

"LEONARD REFINERIES, INC.,
"By ....................
"Office and Credit Manager."

Defendant's answer denied all material allegations and claimed recoupment on the ground that plaintiff had not delivered the amount of fuel oil charged to him. Defendant, in an affidavit attached to the answer, also claimed payment of the last item of plaintiff's account (shipment of July 14, 1937, $194.14). While not properly pleaded as an affirmative defense, evidence of this payment was admitted without objection. The case was tried before a jury. At the conclusion of the proofs, the trial court granted plaintiff's motion for a directed verdict for the full amount of plaintiff's claim, plus interest. Defendant appeals, claiming (1) the court erred in directing a verdict; (2) in refusing to receive evidence of shortages except as to the transaction of May 5, 1937; and (3) in striking from the record all testimony of a shortage in the delivery of that date.

The testimony and the inferences therefrom must be viewed in the light most favorable to the defendant. *Sheffer* v. *Fleischer,* 158 Mich. 270. During the trial defendant repeatedly offered testimony of shortages in delivery of fuel oil up to and including the last shipment claimed for (July 14, 1937, $194.14). The court allowed defendant to introduce proof of shortages as to one shipment only, that of May 5, 1937; and finally at the conclusion of the proofs struck from the record all testimony of shortages on May 5, 1937, on the ground that plaintiff's

claim was for an account stated and that the complaint of the defendant as to shortages was not made within a reasonable time.

Plaintiff claims there was a delivery and acceptance of the goods and that the account stated controls the issue, relying upon sections 44, 47, and 48 of the uniform sales act (2 Comp. Laws 1929, § 9483 *et seq.* [Stat. Ann. § 19.284 *et seq.*]). Section 44 provides that where the seller delivers a quantity of goods less than contracted for and the buyer accepts or retains them, knowing that the seller is not going to perform the contract in full, the buyer must pay for them at the contract rate. Under the circumstances of this case, there is an obvious difference between payment *at the contract rate* and payment for more goods than were delivered. It should be noted that section 44 also provides that if the buyer has used or disposed of the goods delivered before he knows that the seller is not going to perform his contract in full, the buyer shall not be liable for more than the fair value to him of the goods received. Section 48 (2 Comp. Laws 1929, § 9487 [Stat. Ann. § 19.288]) defines the circumstances under which the buyer shall be deemed to have accepted the goods. However, section 49 (2 Comp. Laws 1929, § 9488 [Stat. Ann. § 19.289]) as applied to the case at bar provides that acceptance by the buyer shall not discharge the seller from liability for breach of any promise or warranty in the sale. Plaintiff's sole reliance on the uniform sales act for his recovery is not well founded.

During the trial the defendant repeatedly attempted to introduce proof of notice to plaintiff of shortages in various shipments, all of which was excluded by the court or stricken from the record on the ground of an account stated and failure to give prompt notice of shortages.

"An account stated is an agreement, between parties who have had previous transactions of a monetary character, that all the items of the accounts representing such transactions are true and that the balance struck is correct, together with a promise, express or implied, for the payment of such balance." *Thomasma* v. *Carpenter,* 175 Mich. 428, 434 (45 L. R. A. [N. S.] 543, Ann. Cas. 1915A, 690).

An account rendered may become an account stated but it may always be opened upon proof of fraud or mistake. *Wilson* v. *White,* 223 Mich. 497; *Detroit Piston Ring Co.* v. *Wayne County & Home Savings Bank,* 252 Mich. 163 (75 A. L. R. 1273).

The defendant should have been allowed to introduce testimony tending to show fraud or mistake in delivering quantities of fuel oil or gasoline less than the amount claimed for by plaintiff, and this question should have been submitted to the jury. While the failure of a debtor to object within a reasonable time to monthly statements rendered amounts to an admission of the correctness of the account (*Pabst Brewing Co.* v. *Lueders,* 107 Mich. 41), the rendition of statements at intervals will not constitute an account stated where the debtor repeatedly made claims of mistake. *McColl* v. *Jackson Iron Co.,* 98 Mich. 482.

Whether the debtor failed to make objection to the statement of account rendered by plaintiff within a reasonable time is a question of fact to be submitted to the jury under the circumstances of the case. The court erred in refusing to submit to the jury the question of reasonable time. *Peter* v. *Thickstun,* 51 Mich. 589.

"By a reasonable time is meant such time as within which an ordinarily careful and prudent man would act. What is a reasonable time in one in-

stance may not be a reasonable time in another; or what is a reasonable time in one business would not be a reasonable time in another. For illustration, suppose the goods shipped are fruits or other perishable goods, a reasonable time in an instance of that kind would not be a reasonable time within which to accept or reject lumber." *Black* v. *Delbridge, Brooks & Fisher Co.*, 90 Mich. 56, 58.

"It is conceded that the defendants were entitled to inspect the beans upon their arrival in Detroit, and that they were entitled to a reasonable time in which to inspect. The reasonable time allowed by the law for inspection depends upon the circumstances of the case, and is usually a question of fact for the jury. 2 Mechem on Sales, § 1381. The vendee is required to act promptly. *George D. Sisson Lumber & Shingle Co.* v. *Haak,* 139 Mich. 383. This reasonable time must also depend more or less upon the character of the goods shipped, and the opportunity for inspection." *Jones* v. *Bloomgarden,* 143 Mich. 326, 334.

There is another reason why the defendant should have been allowed to go to the jury on the question of account stated. The last item of plaintiff's account, that of $194.14 for delivery on July 14, 1937, was for a c.o.d. shipment. When this truckload was brought to defendant's filling station, the driver refused to unload it until payment had been made. The defendant thereupon gave the driver a check payable to plaintiff for the claimed value of this load, plus $25 to be applied on previous account. While the testimony is in dispute, viewed in the light most favorable to defendant this last item claimed by plaintiff was paid for. However, plaintiff applied this check on earlier items of account, leaving the shipment of July 14, 1937, unpaid. The circumstances of this payment negative the right of plain-

tiff thus to apply this payment. A debtor, upon paying money to his creditor, has a right to say on which one of several demands the payment shall be applied. *Thayer* v. *Denton*, 4 Mich. 192. There was a dispute as to whether a certain indorsement was on this check when the plaintiff received it. This question should have gone to the jury. If the indorsement was there when the check was delivered to the driver, it is evidence of payment for the shipment of July 14, 1937. The debtor had the right to direct the application of the check to this payment, and the balance on account. *Harper* v. *Concrete Publishing Co.*, 166 Mich. 429.

The dealings between plaintiff and defendant did not end with the delivery of July 14, 1937, nor at the time the alleged account stated was rendered, December 7, 1937. After the c.o.d. shipment of July 14, 1937, defendant continued to accept deliveries from another company through the medium of plaintiff, and plaintiff continued to receive payments, although the oil and gasoline were not delivered in plaintiff's trucks. Under all the circumstances of the case, defendant should not be excluded from his defenses of payment or of recoupment on the theory of an account stated or lack of reasonable notice.

Verdict and judgment set aside and new trial granted. Costs to defendant.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.