Matter of **CONSOLIDATED OIL COM-PANY, Inc., Bankrupt.**

No. 36406.

United States District Court
E. D. Michigan, S. D.

April 25, 1956.

Archie Katcher, Detroit, Mich., referee in bankruptcy.

Frazer & Popkin, Detroit, Mich., for Trailmobile, Inc., petitioner for review.

Walter G. Wiseman, Detroit, Mich., trustee in bankruptcy.

Kenney, Radom, Rockwell & Mountain, Detroit, Mich., for trustee.

PICARD, District Judge.

This matter is before the court on petition for review of certain rulings of the Referee in Bankruptcy. We proceed to decide this case although petitioner has not noticed its petition for hearing and neither side has filed briefs.

Findings of Fact

On November 8, 1954, two days prior to filing of bankrupt's voluntary petition, Mid-West Refineries, Inc., acting under a chattel mortgage, seized all bankrupt's assets including certain tank trailers upon which Trailmobile, Inc., petitioner herein, claimed a $15,876.36 lien. The receiver filed a petition to require Mid-West Refineries, Inc., to show cause why it should not surrender the assets, but before a hearing on the show cause, Mid-West Refineries, Inc., voluntarily turned the seized assets over to the receiver.

The receiver then petitioned the referee for an order to show cause why all claimed liens should not be declared null and void. Trailmobile, Inc., appeared specially and objected to the referee's jurisdiction on the ground that since bankrupt was not in possession of the property when the petition was filed, the bankruptcy court had no jurisdiction to determine validity of any liens thereon. Nevertheless, the referee entered an order finding jurisdiction and on December 23, 1954, Trailmobile, Inc., filed petition for review of that order.

Following hearing on its petition this court, February 8, 1955, ordered the matter re-referred to the referee for determination on the merits. We also directed adjudication of the validity of the liens, adding that if the matter was not then disposed of that this court would rule on all issues, including the jurisdictional question, if presented on petition for review.

Pursuant to that order further proceedings were held and the following facts determined by the referee.

On April 22, 1954, the bankrupt purchased some tank trailers from petitioner Trailmobile, Inc., executing a contract of purchase which was admitted in evidence as Exhibit 1. The purchase agreement was recorded April 26, 1954, four days after its execution. In the meanwhile, however, on April 23, 1954, the Bay Refining Company extended credit to the bankrupt without notice or knowledge of Exhibit 1.

The referee further found that the Bay Refining Company extended credit to the bankrupt during interim between execution and recording of Exhibit 1, and that even though the latter attempted to pay the obligation by giving checks therefor, some of the indebtedness remained unpaid on date bankrupt's petition was filed.

As a result of the full testimony referee held that:

(a) Bay Refining Company was an interim creditor; and

(b) Part of the indebtedness remained unpaid on date bankrupt filed its petition.

In addition the referee held as a matter of law that:

(a) Exhibit 1 was a chattel mortgage and not a conditional sales contract as claimed by petitioner; and

(b) That since there was an interim creditor, petitioner's lien is not only void

as to such creditor but void against the trustee under Section 70, sub. e, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e, and Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133.

In addition to seeking review of the above rulings, Trailmobile, Inc., also contends that the referee committed error in sustaining objections of the trustee to questions propounded to witnesses by petitioner on cross examination.

### Conclusions of Law

■ First, taking up the question of the bankruptcy court's jurisdiction, we hold that since the bankrupt's assets were in the possession of Mid-West Refineries, Inc., at the time bankrupt's petition was filed and since before the referee made any order in relation to the liens thereon, Mid-West, by stipulation, surrendered the assets to the receiver—that at this point the bankruptcy court acquired jurisdiction and the referee had the right to administer the assets—and in so doing to enter any order in accordance with the Bankruptcy Act. In re Prokop, 7 Cir., 65 F.2d 628.

■■ The referee's ruling that Bay Refining Company was an unpaid interim creditor is a finding of fact and as such is not to be disturbed by this court unless clearly erroneous. In re Masor, 7 Cir., 117 F.2d 368; In re Hoffman, D.C., 49 F.Supp. 245. See also In re Newman, 6 Cir., 126 F.2d 336, at page 337, where the court said:

> "In our circuit, the existing rule is that the District Judge should not disturb the findings of fact of a Referee in Bankruptcy, unless there is most cogent evidence of mistake and miscarriage of justice."

The evidence clearly supports the referee's findings and this court will not disturb them.

■ Petitioner's contention that the referee erred in certain of his rulings as to admissibility of testimony arises in connection with the former's cross examination of the trustee and another witness. They testified on direct exam-ination that Bay Refining Company extended credit to the bankrupt on April 23, 1954, in the sum of $383.24; that invoice No. A–05851 (Exhibit 2) of same date was sent to bankrupt, who on September 29, 1954, returned it and other invoices with several checks as payment. The above invoice was attached to check No. 4024 (Exhibit 5) which was to be applied in part to payment of that invoice. But the check did not clear the bank when presented for payment, and the witnesses testified that the bankrupt never gave Bay Refining Company another check as payment so that the indebtedness represented by invoice No. A–05851 remains unpaid. On cross examination petitioner asked the witness whether or not the other checks accompanying No. 4024 cleared the bank and if they were given as payment of invoices dated subsequent to April 23, 1954. The referee, over trustee's objection, required the witness to respond to both questions and in each case an affirmative answer was given. Thereupon petitioner asked the witness to state what checks cleared and the invoices to which their proceeds were applied. At this point the referee indicated that if counsel contended that the checks that did clear should have been applied to the $383.24 invoice of April 23, that he would be permitted to make that showing, but would not be allowed to prolong the proceedings in order.

"to go through a bunch of checks."

Counsel for petitioner then stated that it was his contention that any check accompanying No. 4024 that cleared should have been applied on the April 24 invoice instead of invoices bearing a later date. The referee thereafter sustained objections to petitioner's questions in regard to application of proceeds of bankrupt's checks to invoices dated subsequent to April 23. We think the ruling was correct. In Leonard Refineries, Inc. v. Gregory, 295 Mich. 432, at pages 438, 439, 295 N.W. 215, at page 217, where the plaintiff applied payments made by defendant to items of account other than those designated by defend-

ant, the Supreme Court of Michigan said:

"The circumstances of this payment negative the right of plaintiff to thus apply this payment. A debtor, upon paying money to his creditor, has a right to say on which one of several demands the payment shall be applied."

In view of the testimony that defendant returned the invoice of April 23, attached to check No. 4024, we think the questions asked by petitioner were immaterial to any issue involved. The referee was correct in his ruling because he has a duty to prevent encumbering of the record with irrelevant matter. In re Kinnane Co., D.C., 217 F. 488, at page 492.

We come now to petitioner's contention that the referee erred in ruling that Exhibit 1 was a chattel mortgage. In Adding Machine Co. v. Wieselberg, 230 Mich. 15, at page 19, 203 N.W. 160, at page 162, in determining the nature of an instrument, i. e., whether it was a chattel mortgage or a conditional sales contract, the court said—

"The question turns upon whether an instrument, with rights and remedies thereunder, express or implied or by operation of law, provides security for the unconditional payment of an obligation assumed with reference to chattels. The pure conditional sale gives possession of chattels with the right to ownership upon payment of the agreed price, retaining title in the seller, with right of reclamation in case of default or the alternative of passing the title by suit for the purchase price. *The right to retake the property, retain payments made, estimate wear and tear, compute damage, and look to the buyer for de-ficiency in the agreed price, is consonant only with remedies under instruments providing for security in the nature of a chattel mortgage;* for in such a case the security is but an incident of a debt absolutely due from the buyer to the seller." (Italics ours.)

continuing, 230 Mich. on page 20, 203 N.W. on page 162 the court said—

"If the seller is not limited to right to retake the property and retain the payments made, but after reclamation may enforce payment of the remainder of the full agreed price, and the instrument is so worded as to permit this to be done, then the courts will recognize the instrument for what it is in fact and law, *security in the nature of a chattel mortgage.* If the title is retained as security for the payment of the full price, and the obligation to further pay is not abated by a retaking of the property and retention of partial payments, then it is not a pure conditional sale, but an undertaking in the nature of a chattel mortgage."

Applying the above rule to the transaction between bankrupt and petitioner it cannot be reasonably contended that the instrument (Exhibit 1) is not a chattel mortgage. It gives petitioner the right, in the alternative, to retake the equipment, retain payments made as compensation for use, sell the same, and hold the bankrupt liable for any deficiency. Since the instrument is a chattel mortgage and Bay Refining Company extended credit before it was recorded it is void as to the former and intervening creditors—consequently it is void as to the trustee. Moore v. Bay, supra. In re Higgs, D.C., 126 F.Supp. 16.

The referee is affirmed.