In the Matter of VINTERO CORPORATION, Debtor.

VINTERO CORPORATION, Plaintiff,

v.

CORPORATION VENEZOLANA DE FOMENTO and Venezolana De Cruceros Del Caribe, C. A., Defendants.

Bankruptcy No. 77 B 2687.

United States Bankruptcy Court, S. D. New York.

Nov. 1, 1979.

Finkel, Goldstein & Berzow, New York City, for debtor; Harvey Goldstein, Neal Rosenbloom, New York City, of counsel.

Healy & Baillie, New York City, for CVF; Glenn T. Oxton, New York City, of counsel.

Ruskin & Gyory, New York City, for Caribe; Daniel E. Clifton, New York City, of counsel.

## MEMORANDUM OPINION

JOEL LEWITTES, Bankruptcy Judge.

Vintero Corporation ("Vintero"), a Chapter XI debtor,[1] in accordance with Bankruptcy Rule 701(2),[2] has commenced this adversary proceeding against two alleged secured creditors, Corporacion Venezolana de Fomento ("CVF") and Venezolana de Cruceros del Caribe, C.A. ("Caribe"), seeking a determination, by this Court, as to the validity, priority or extent of such creditors' liens against a passenger and cargo maritime vessel, the SS Santa Rosa, purportedly an asset of the debtor, Vintero.

Issue has been joined by the filing of separate answers by CVF and Caribe to Vintero's complaint.[3] Of particular relevance here are two of the three affirmative defenses raised by CVF in its amended answer:

One, that this Court lacks summary jurisdiction to determine the matters raised in the complaint[4] and two, that Vintero does not own the SS Santa Rosa.[5]

1. Vintero filed its Chapter XI petition on November 4, 1977 pursuant to Bankruptcy Act § 322, 11 U.S.C. § 722, and Bankruptcy Rule 11-6, 415 U.S. 1012, 94 S.Ct. 3240, 39 L.Ed.2d xli (1974).

2. 411 U.S. 1068, 93 S.Ct. 3147, 37 L.Ed.2d lxvi (1973).

3. CVF, with leave of this Court, has since filed an amended answer including therein a cross-claim against Caribe to which Caribe has filed an answer.

4. An objectant to the summary jurisdiction of this Court may raise such objection either by answer, as here, or by a motion to dismiss. See Bankruptcy Act § 2a(7), 11 U.S.C. § 11a(7). It should be noted that Caribe, the other party defendant here, has not objected to this Court's summary jurisdiction.

5. CVF's third affirmative defense alleges that by reason of Vintero's having signed a UCC Financing Statement, Vintero had actual

Vintero, by notices of motion addressed separately to CVF and Caribe, now moves, pursuant to Bankruptcy Rules 712(b) and 756,[6] this Court's procedural mate to Fed.R. Civ.P. 12(c), (f) and 56, for orders, respectively, striking the affirmative defenses of CVF and Caribe, for judgment on the pleadings or, in the alternative, granting summary judgment against CVF and Caribe.

## A

### *Summary Jurisdiction*

Both the reach and limits of this Court's summary jurisdiction in a Chapter XI case [7] were, concisely set forth by the Court in *Slenderella Systems of Berkeley, Inc. v. Pacific Telephone & Telegraph Company,*[8] where the Court observed:

"Although the debtor's undisputed title to property not in his possession would be enough under the language of [Bankruptcy Act] Section 311 to authorize the court to act summarily, the court does not acquire summary jurisdiction if the property does not belong to the debtor and is not in his possession, or if the title to property not in his possession is disputed by a substantial adverse claim. . . . ." [9]

■ Quite apart from CVF's contention, in its second affirmative defense, that

Vintero does not *own* the SS Santa Rosa, CVF, in its objection to summary jurisdiction (first affirmative defense), grounds such objection on its allegation that Vintero was not in *possession* of the SS Santa Rosa at the time of the Chapter XI filing. More particularly, CVF contends that at the time of the Chapter XI filing, possession and control of the SS Santa Rosa was in the Superior Court, Baltimore, Maryland, pursuant to an order of attachment issued by that Court upon the application of Marsh and McLennon, Inc., to secure the latter's claim for unpaid insurance premiums. However, even if it is assumed, *arguendo*, that the attachment of the vessel removed it from the now debtor's possession—and I do not reach that issue—this Court acquired jurisdiction over the vessel when it was released into the possession of the debtor when, subsequent to the Chapter XI filing, Marsh and McLennon, Inc. settled its claim against Vintero.[10]

This reach of jurisdiction is grounded in the "inherent powers" of "any court, whether one of equity, common law, admiralty, or bankruptcy, having in its treasury a fund touching which there is dispute . . . [to] determine the right to the fund thus in its possession." [11]

Accordingly, I find that this Court does have summary jurisdiction to hear and determine the instant adversary proceeding.[12]

---

knowledge of CVF's security interest in the SS Santa Rosa.

**6.** 411 U.S. 1074, 1084, 93 S.Ct. 3151, 3159, 37 L.Ed.2d lxviii, lxxii (1973).

**7.** See Bankruptcy Act § 311, 11 U.S.C. § 711.

**8.** 286 F.2d 488 (2d Cir. 1961).

**9.** *Id.* at 490. (Citations omitted). Contrast this extent of summary jurisdiction with that granted to this Court in a straight bankruptcy case (Bankruptcy Act, Chapters I through VII). *See* e. g. *Thompson v. Magnolia Petroleum Co.,* 309 U.S. 478, 481, 60 S.Ct. 628, 84 L.Ed. 876 (1940).

**10.** *In re Consolidated Oil Company,* 140 F.Supp. 614, 616 (E.D.Mich.1956). See also 5A

Remington on Bankruptcy § 2370, n.10 (5th ed. 1953).

**11.** *In re Antigo Screen Door Co.,* 123 F. 249, 251 (7th Cir. 1903). See also *In re H. M. Kouri Corp.,* 66 F.2d 241, 245 (2d Cir. 1933).

**12.** We need not unnecessarily dwell upon the manner in which relief is now granted Vintero with respect to CVF's affirmative defense directed at this Court's summary jurisdiction. Although matters outside the pleadings normally are not considered on a Rule 12(f) motion, where, as here, Vintero has alternatively moved for summary judgment after the close of pleadings, we shall deem Vintero's instant claim for relief as one for partial summary judgment pursuant to Fed.R.Civ.P. 56(a). *Cf. Banana Distributors, Inc. v. United Fruit Co.,* 19 F.R.D. 11, 13 (S.D.N.Y.1955).

## B

We have earlier observed, that in addition to CVF's affirmative defenses of lack of summary jurisdiction, CVF, in particular, alleges that Vintero is not the owner of the SS Santa Rosa.

In support of this contention, CVF, on the oral argument of Vintero's motion for summary judgment, asserted that pursuant to a contract between Vintero and CVF's co-defendant here, Caribe, Vintero agreed to purchase the vessel for the account of Caribe. Additionally, in a stipulation of facts in a pre-trial order, in an action in the United States District Court for the Southern District of New York entitled *CVF v. Vintero et al.*[13] Vintero, stipulated, inter alia, that in 1975 it made application to the United States Maritime Administration for permission to resell the SS Santa Rosa to Caribe. It is noteworthy, as well, that CVF, in its Rule 9(g) statement setting forth genuine issues to be tried,[14] asserts here that Vintero did not own the Santa Rosa at the time of the Chapter XI filing.

Clearly, if CVF can sustain its defense that Vintero is not the owner of the vessel, the underlying complaint may well fall since it has been commenced by the debtor in possession *qua* trustee[15] under the trustee's avoiding power granted by Bankruptcy Act § 70c[16]. But such avoiding power applies only to property from which a judgment creditor could satisfy his claim against the debtor.[17]

Although a dispute on a major factual issue precludes the granting of the "drastic device" of summary judgment,[18] a party defending against a motion for such relief may not "throw words and papers at the record in an effort to create an aura of dispute and uncertainty and, thereby, dissuade a Court from exercising its Rule 56 powers."[19]

■ Where, however, access to proof of material facts by a party opposing summary judgment may not be within such party's "knowledge or control"[20] summary judgment should not be granted where "as here, [such] party has yet to exercise its opportunities for pre-trial discovery. Rule 56(f), Fed.R.Civ.P., 28 U.S.C."[21]

■ Upon the state of the present record this Court "would be in a better position to determine the issues" presented here,[22] in CVF's second affirmative defense, after CVF pursues its pre-trial discovery limited to the question of the ownership of the SS Santa Rosa on the date of the Chapter XI filing.[23]

## C

### *Conclusion*

On the basis of the foregoing, we find that this Court has summary jurisdiction to determine the adversary proceeding commenced by Vintero against CVF and Caribe.

In my discretion, however, Vintero's motion for summary judgment is otherwise denied without prejudice to Vintero to re-

---

13. 477 F.Supp. 615 (S.D.N.Y.1979) (Sweet, D. J.).

14. Rule 9(g) of the General Rules of the United States District Court for the Southern District of New York.

15. Bankruptcy Act § 342, 11 U.S.C. § 742.

16. 11 U.S.C. § 110c.

17. 4A Collier on Bankruptcy ¶ 70.49 at 596–7 (14th ed. 1976).

18. *Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975).

19. *Bethlehem Steel Corp. v. Tishman Realty and Construction Co., Inc.*, 72 F.R.D. 33, 39 (S.D.N.Y.1976).

20. Moore's Federal Practice ¶ 56.15[5] at 56–560 (2d ed. 1979).

21. *National Life Insurance Co. v. Solomon*, 529 F.2d 59, 61 (2d Cir. 1975). *Cf. Society of New York Hospital v. Associated Hospital Service of New York*, 367 F.Supp. 149, 155 (S.D.N.Y. 1973).

22. *Rotberg v. Dodwell & Co.*, 152 F.2d 100, 101 (2d Cir. 1945).

23. Discovery may be limited to a critical issue. 8 Wright & Miller § 2040 at 289 (1970).

new such motion either at the close of the pre-trial discovery limited to the issue of ownership of the vessel or at trial.[24]

Accordingly, counsel will settle an order on three (3) days notice in conformity with this opinion. The parties are directed to appear in Chambers coincident with the settling of this order.

**24.** *Rotberg v. Dodwell & Co., supra* at 101; *Boston & Maine Railroad v. Lehigh & New England R. Co.*, 188 F.Supp. 486. 490–1 (S.D. N.Y.1960).