**Wanda PROWELL, d/b/a Western Grill, Appellant,**

v.

**BERRY–BARNETT GROCERY COMPANY, Appellee.**

**No. 4939.**

Court of Civil Appeals of Texas, Waco.

Dec. 31, 1970.

Rehearing Denied Jan. 21, 1971.

Bradley & Geren, Carl Cannon, Groesbeck, for appellant.

Don S. Caldwell, Jr., Schultz & Martin, Holloway Martin, Mexia, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Prowell from a judgment for plaintiff Grocery Company for debt.

Plaintiff Grocery Company sued defendant Prowell alleging that between September 20, 1963 and March 21, 1969 defendant purchased merchandise from plaintiff, and that $1163.46 is unpaid. Defendant by answer plead that all of such merchandise owed prior to July 22, 1967 was barred by the two year Statute of Limitations. Plaintiff garnished defendant's bank account at the First National Bank of Mexia in the amount of $1129. Trial was to the court which rendered judgment for plaintiff against defendant for $1163.46, and against garnishee bank for $1129. to be credited on plaintiff's judgment against defendant.

Defendant appeals contending the "trial court erred in overruling defendant's plea

of the two year statute of limitations to all indebtedness incurred prior to July 22, 1967, which is more than two years before suit was filed because this is not an account concerning trade of merchandise between merchant and merchant."

Defendant owns and operates the Western Grill Cafe. Plaintiff is a wholesale grocery company. Plaintiff commenced selling defendant groceries on September 20, 1963, and continued to sell defendant groceries through March 21, 1969. Defendant purchased groceries some dozen times each month during the six year period. When a purchase was made plaintiff made a charge against defendant on its books. Periodically defendant made payments to plaintiff but never enough to clear the account. Commencing about August 1965 defendant owed a balance about $1000., and such owed balance continued and at time of suit was $1163.46. Total merchandise purchased by defendant from plaintiff during period was $19,214.84; total payments made by defendant during the period was $18,051.38; leaving a balance of $1163.43. Plaintiff's bookkeeper testified she posted the charges and credits as shown by the ledger in evidence (which was payment credited to the oldest indebtedness due). Defendant did not testify that she had made any payments to defendant which were designated to be credited on any certain debits. Plaintiff by crediting payments to the oldest debt, kept the balance due, less than two years old.

The balance due was not barred by the two year statute of limitations.

The rule is in the case of running account, where there are various items of debt on one side, and various items of credit on the other occurring at different times, and no direction of application of payment has been made by the debtor, payments on the account as a whole are applied by law to the oldest unpaid portion of the account. Aetna Cas. & Surety Co. v. Hawn

Lbr. Co., 128 Tex. 296, 97 S.W.2d 460, 465; 70 C.J.S. Payment p. 276; 44 Tex.Jur.2d p. 693.

Defendant's point is overruled.

Affirmed.