Joe KINSEY, Appellant,

v.

**HUBBY–REESE COMPANY,
INC., Appellee.**

No. 5486.

Court of Civil Appeals of Texas,
Waco.

Sept. 11, 1975.

C. O. McMillan, Stephenville, for appellant.

Sheehy, Lovelace & Mayfield, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Kinsey from judgment against him and in favor of plaintiff Hubby–Reese for $13,583.36.

Plaintiff is a wholesale grocer, and defendant purchased groceries from plaintiff for a long period of time. Defendant became delinquent on his open account, and on February 12, 1958, defendant executed a note payable to plaintiff for $24,000. in monthly installments of $200. The note further provided for 6% interest; and 10% attorney's fees if the note be placed with an attorney for collection.

By 1971 defendant was again in arrears in his open account, and on December 29, 1971, owed plaintiff $3749.21. At defendant's request plaintiff began a new ledger card on January 1, 1972, with a "zero" balance as of that date. At time of suit defendant owed $125. on the new open account.

On February 6, 1975, plaintiff sued defendant for balance of $20,300. due on the note (plus interest and attorney's fees), and by amended pleading filed April 11, 1975, sued for the two open accounts.

Defendant plead the four-year statute of limitations to all amounts due more than four years on the note, and plead the two-year statute of limitations to the $3,749.21 open account.

Trial was before the court without a jury which rendered judgment for plaintiff for $13,583.36 ($7,664.14 being installments due on the note and less than four years old before suit was filed; plus the full amounts of the accounts sued for, plus $2000. attorney's fees).

Defendant appeals on one point: "The trial court erred in granting judgment for any amount except the sum of $125. on the account sued for."

Under this point defendant levels no complaint at the judgment for the $7,664.14 on the note (or $766.41 attorney's fees attributable to the note); but asserts the two-year statute of limitations barred the $3,749.21 open account sued for; and that the award of $2000. attorney's fees is excessive.

Suits on open accounts such as the instant case are governed by Section 2.725 of the

Texas Business and Commerce Code VTCA, which sets the statute of limitations as four years on any contract of sale. *Big D Service Company, Inc. v. Climatrol Industries, Inc.,* Tex.Civ.App., Er.Ref., 514 S.W.2d 148; *Wilson v. Browning Arms Company,* Tex. Civ.App., Er.Ref., 501 S.W.2d 705.

The evidence shows that as of December 29, 1971, defendant owed plaintiff $3,749.21 on open account; that on January 1, 1972 a new account was opened for defendant on plaintiff's books; that thereafter defendant purchased goods and made payments; that payments by defendant were credited by plaintiff on the new account; and that on September 23, 1974, defendant owed $125.00 on the new account.

The evidence reflects that more than $8000.00 was charged to the original open account between April 11, 1971, and December 29, 1971, to bring the account balance to $3749.21. None of the foregoing was barred by the four-year statute of limitations.

There was no testimony as to any request by defendant for a method of crediting payments on the original open account, and the President of plaintiff testified there was no such request.

Plaintiff credited the new open account with all moneys paid by defendant after January 1, 1972, which left a balance of $125., of which defendant makes no complaint.

The rule is in the case of running accounts, where there are various items of debt on one side, and various items of credit on the other side, occurring at different times, and no direction of application of payment has been made by the debtor, payments on the account as a whole are applied by law to the oldest unpaid portion of the account. *Aetna Cas. & Surety Co. v. Hawn Lbr., Co.,* 128 Tex. 296, 97 S.W.2d 460; 44 Tex.Jur.2d p. 693; *Prowell v. Berry-Barnett Grocery Co.,* Tex.Civ.App. (Waco), Er.Ref., 462 S.W.2d 53.

The $2000. attorney's fee is not excessive.

Defendant's point is overruled.

Affirmed.